**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA,

-vs-                                                                                    Case No.  8:05-cr-99-T-24EAJ

BISCAIN UMBACIA
_____/

## O R D E R

This cause comes before the Court for consideration of Defendant Biscain Umbacia's Motion to Dismiss Indictment for Failure to Determine Nationality of Vessel as Required by 46 U.S.C. app. § 1903, and for Failure to Notify Defendant of His Right to Contact the Columbian Embassy Pursuant to the Vienna Convention on Consular Relations 21 U.S.T. 77 (Doc. No. 45). The Government filed an opposition thereto (Doc. No. 50).

Defendant Umbaica moves this Court to dismiss the indictment on the grounds that the United States did not have jurisdiction over the vessel because the United States Coast Guard ("Coast Guard")  failed to establish the nationality of the vessel as required by the Maritime Drug Law Enforcement Act (MDLEA), 46 U.S.C. app. § 1903; and that the Government subsequently failed to notify the Defendant of his right to contact the Colombian embassy under Article 36 of the Vienna Convention.  For the reasons discussed herein and otherwise argued in the Government's opposition (Doc. No. 50), the Court finds that both grounds asserted by Defendant Umbacia are without merit.

<u>Jurisdiction Over the Vessel</u>

Section 1903 of the MDLEA prohibits the possession of controlled substances with intent to distribute by persons on board vessels subject to the jurisdiction of the United States and

prescribes penalties for this offense.  In addition, § 1903 makes it a federal crime to participate in a conspiracy to commit certain controlled substance offenses while on board a vessel subject to the jurisdiction of the United States.  Section 1903(c) further describes those vessels that are subject to the jurisdiction of the United States and, for purposes relevant to Defendant Umbacia's motion, specifically includes "a vessel without nationality." See 46 U.S.C. app. §1903(c)(1)(A).  Section 1903(c)(2), in turn, defines a "vessel without nationality" to include the following:

**(A)**  a vessel aboard which the master or person in charge makes a claim of registry, which claim is denied by the flag nation whose registry is claimed;

**(B)**  any vessel aboard which the master or person in charge fails, upon request of an officer of the United States empowered to enforce applicable provisions of United States law, to make a claim of nationality or registry for that vessel; and

**(C)**  a vessel aboard which the master or person in charge makes a claim of registry and the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality.

46 U.S.C. app. § 1903(c)(2)(A)-(C)[1]; see also United States v. Tinoco, 304 F.3d 1088, 1102 (11th Cir. 2002).

"If the master or person in charge makes a false claim of nationality or registry, or if, upon request, the master or person in charge[] fails to make any claim, the ship is deemed to be stateless."  United States v. Rosero, 42 F.3d 166, 171 (3d Cir. 1994).  In this case, the vessel bore

---

[1]As indicated by the use of the word "includes," this list of the ways that a vessel can be deemed "stateless" is not exhaustive. See United States v. Rosero, 42 F.3d 166, 170 (3d Cir. 1994) (finding that the statutory language of 46 U.S.C. app. § 1903(c)(2) makes it clear that the term "'vessel without nationality' encompasses not only those vessels that come within the categories described in subsections (A) and (B), but other vessels as well.").

no Colombian flag or other markings of Columbian nationality (Doc. No. 50, Exh. A - Statement by Lieutenant Junior Grade Scott J. Jason, United States Coast Guard).  Importantly, no member of the vessel's crew identified himself as the master or captain of the vessel in response to the boarding team's direct inquiry (Doc. No. 50, Exh. A - Statement by Lieutenant Junior Grade Scott J. Jason, United States Coast Guard).  Accordingly, there was no one on board willing to identify himself as the master and competent to make a claim of nationality or registry, and therefore, jurisdiction was conferred upon the United States under § 1903(c)(2)(B). See Rosero, 42 F.3d at 174; see also United States v. Mosquera, 192 F. Supp. 2d 1334, 1339 (M.D. Fla. 2002).

Defendant Umbacia asserts that those aboard the vessel identified themselves as Colombian and one or more crew members identified the vessel as Colombian, and therefore, the Coast Guard was somehow required to investigate the nationality of the vessel.  Defendant Umbacia, however, fails to cite to any authority that there is an affirmative obligation on the part of the Coast Guard to make such an inquiry when the master or person in charge fails to make a claim of registry.  The Coast Guard directly inquired which crew member was the master or captain of the vessel and, upon failure of a master to make a claim of nationality or registry, accurately determined that the vessel was a "vessel without nationality."  This Court also notes that defense counsel has failed to tender any evidence that would support Defendant Umbacia's assertion of Colombian registry of the vessel.

Defendant's Rights Under the Vienna Convention

Article 36(1)(b) of the Vienna Convention states that the authorities of a "receiving state" (in this case, the United States) shall, without delay, inform any detained foreign national of his

right to have the consular post of the "sending state" (in this case, Colombia) notified of his detention. See United States v. Li, 206 F.3d 56, 60 (1st Cir. 2000). Article 36(1)(c) gives consular officers the right to visit and correspond with the detained foreign national and to arrange for his legal representation. Id. The purpose of the consular notification provision is to "facilitate consular functions relating to nationals of the sending State." Vienna Convention art. 36(1).

In this case, although agents apparently did not notify Defendant Umbacia of his right to consular notification, the Columbian consulate was notified in writing after Defendant Umbacia's arrest in Tampa (Doc. No. 50, Exh. B - March 15, 2005 Letter of Special Agent Raymond M. Connolly). Therefore, the underlying purpose of the treaty, the requirement that Colombia be notified of the detention of one of its nationals, was met.

The Eleventh Circuit has declined to hold whether the Vienna Convention confers enforceable rights upon individuals. See United States v. Cordoba-Mosquera, 212 F.3d 1194, 1196 (11th Cir. 2000). However, even if this Court were to assume for purposes of Defendant Umbacia's motion that he has standing under the Vienna Convention and that there was a violation of the consular-notification provision, dismissal of the indictment would not be an appropriate remedy.

> Even if Article 36 [of the Vienna Convention] creates rights enforceable by individuals, other circuits have held that the remedies available for a violation of Article 36 do not include suppression of evidence or the dismissal of an indictment. See United States v. Lombera-Camorlinga, 206 F.3d 882, 885 (9th Cir. 2000) (en banc) (holding that exclusion of evidence obtained as a result of post-arrest interrogation is not available as a remedy for violation of Article 36); United States v. Li, 206 F.3d 56, 60, 62 (1st Cir. 2000) (en banc) (holding that appropriate remedies for Article 36 violation do not include suppression of evidence or dismissal of indictment). **We would follow the lead of these circuits.**

Cordoba-Mosquera, 212 F.3d at 1198 (emphasis added).

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Umbacia's Motion to Dismiss Indictment for Failure to Determine Nationality of Vessel as Required by 46 U.S.C. app § 1903, and for Failure to Notify Defendant of His Right to Contact the Columbian Embassy Pursuant to the Vienna Convention on Consular Relations 21 U.S.T. 77 (Doc. No. 45) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of June, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record